UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>RUBY SANCHEZ, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00273-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2) |

    Plaintiff Norris Dajon Miller is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on March 7, 2022, along with a motion to proceed in forma pauperis. For the reasons explained below, Plaintiff's motion should be denied.

**I.**

**DISCUSSION**

    The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following United States District Court cases: (1) Miller v. Johnson, Case No. 1:16-cv-00727-JLT (PC) (E.D. Cal.) (dismissed on Nov. 10, 2016 as barred by statute of limitations);[1,2] (2) Miller v. Serda, Case No. :17-cv-00692-JLT (PC) (E.D. Cal.) (dismissed on July 7, 2017 for failure to state a claim); (3) Miller v. Morris, Case No. 2:17-cv-02966-SJO-SS (C.D. Cal.) (dismissed on May 3, 2018 for failure to state claim based on prosecutorial immunity);[3] (4) Miller v. Keenan, Case No. 2:17-cv-02969-SJO-SS (C.D. Cal.) (dismissed on June 19, 2018 for failure to state a claim based on prosecutorial immunity).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on March 2, 2022 (with application of the mailbox rule). Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is

---

[1] See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015) (dismissal of complaint as barred by statute of limitations constituted a strike under 28 U.S.C. § 1915(g)).

[2] The Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." Hoffman v. Pulido, 928 F.3d 1147, 1149 (9th Cir. 2019) (citing Williams v. King, 875 F.3d 500, 504-05 (9th Cir. 2017)). Thus, even though this case was dismissed by a magistrate judge, its dismissal still constitutes a strike under 28 U.S.C. § 1915(g).

[3] See Harris v. Harris, 935 F.3d 670, 675-76 (9th Cir. 2019) (stating that dismissal on immunity grounds may qualify as a strike for failure to state a claim where, as in this case, the immunity defense is clear on the face of the complaint).

merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges from 2019 to 2020, he was not provided proper medical appliances and treatment for his breathing issues while housed at North Kern State Prison.  Plaintiff has not established he "faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  At most, Plaintiff's allegations show he disagrees with the adequacy of his health care at NKSP in 2019 and 2020, well before the instant action was filed.  Plaintiff makes no allegation of imminent danger of serious physical injury at the time he filed his complaint. See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

///

///

3

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 10, 2022**

UNITED STATES MAGISTRATE JUDGE